IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
|     SHIRLEY WHITE, | ) | CASE NO.: 17-32591 |
|     Debtor, | ) | |
| | ) | |
|     SHIRLEY WHITE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | AP CASE NO.: 21-03009 |
| | ) | |
| TITLEMAX OF ALABAMA, INC., and | ) | |
| TMX FINANCE, LLC, | ) | |
|     Defendants. | ) | |

## ANSWER

The Defendants, TitleMax of Alabama, Inc., and TMX Finance, LLC, in Answer to the Plaintiff's Complaint, hereby state as follows:

### INTRODUCTION

1. To the extent Paragraph (1) contains allegations requiring a response, Paragraph (1) is denied.

### JURISDICTION AND VENUE

2. Paragraph (2) is admitted. The Defendants consent to jurisdiction by this Court over this proceeding, and further consent to the entry of a final order by this Court.

3. Paragraph (3) is admitted.

### PARTIES

4. Paragraph (4) is, upon information and belief, admitted.

5.  TitleMax of Alabama, Inc. is an Alabama Corporation, and is a licensed pawn broker. Its corporate offices are located at 15 Bull Street, Suite 200, Savannah, GA. The Defendants deny the averments of Paragraph (5) to the extent they are inconsistent with the foregoing.

6.  TMX Finance, LLC is a Delaware Limited Liability Company which, through TitleMax of Alabama, Inc., engages in the business of making title pawns and loans with its principal place of business at 15 Bull Street, Suite 200, Savannah, GA. Paragraph (6) is denied to the extent it is inconsistent with the above.

## FACTUAL ALLEGATIONS

7.  Paragraph (7) is admitted.

8.  Paragraph (8) is admitted to the extent that the filing of the Plaintiff's bankruptcy petition gave rise to an automatic stay, pursuant to 11 U.S.C. § 362.

9.  Admitted that the Plaintiff and TitleMax of Alabama, Inc. were parties to a pawn agreement regarding a 2004 Honda Accord, and that TitleMax of Alabama, Inc. was listed as a creditor in the Debtor's schedules and plan. The remaining averments of Paragraph (9) are denied.

10. Paragraph (10) is admitted as to TitleMax of Alabama, Inc. Paragraph (10) is denied as to TMX Finance, LLC.

11. TitleMax of Alabama, Inc. admits that a call was placed to the Plaintiff in October 2020. TitleMax of Alabama, Inc. lacks knowledge or information sufficient to admit or deny Paragraph (11) as to the substance of the call. Paragraph (11) is denied as to TMX Finance, LLC.

12. TitleMax of Alabama, Inc. admits that additional calls were placed to the Plaintiff in October 2020. Paragraph (12) is denied as to TMX Finance, LLC.

13. TitleMax of Alabama, Inc. admits that the Plaintiff called it on or about December 14, 2020. TitleMax of Alabama, Inc. lacks knowledge or information sufficient to admit or deny the remaining averments of Paragraph (13). Paragraph (13) is denied as to TMX Finance, LLC.

14. Paragraph (14) is admitted, except that the Plaintiff's bankruptcy was dismissed on or about January 26, 2018, resulting in termination of the stay until the case was reinstated on or about February 7, 2018.

15. Paragraph (15) is admitted in part as to TitleMax of Alabama, Inc. The Bankruptcy Noticing Center's records do not reflect that all post-petition notices were sent to TitleMax of Alabama, Inc. Paragraph (15) is denied as to TMX Finance, LLC.

16. Paragraph (16) is denied.

17. Paragraph (17) is denied.

18. Paragraph (18) requires no response. The statute cited speaks for itself.

19. Paragraph (19) requires no response. The statute cited speaks for itself.

20. Paragraph (20) requires no response. The case cited speaks for itself.

## WILLFUL VIOLATIONS OF 11 U.S.C. § 362(a)

21. The Defendants incorporate by reference their responses to the paragraphs incorporated in this Paragraph (21).

22. Paragraph (22) is denied.

23. Paragraph (23) is denied.

## PRAYER FOR RELIEF

24. The Defendants deny that the Plaintiff is entitled to the relief requested.

25. The remaining averments of the Complaint are denied.

26. All averments not previously admitted or denied are denied.

27. The Complaint fails to state a claim upon which relief can be granted.

28. TMX Finance, LLC did not engage in any conduct that constitutes a violation of the automatic stay, 11 U.S.C. § 362(a).

29. The Defendants state that any alleged violation of the automatic stay was not willful.

30. The Defendants plead lack of notice.

31. The Defendants plead res judicata, waiver, claim preclusion, issue preclusion, and judicial estoppel.

32. The Defendants reserve the right to supplement this initial answer raising such other, different or affirmative defenses as may be proper, after further investigation and discovery.

WHEREFORE, from all of the above, the Defendants pray as follows:

A. For the entry of a Judgment in their favor as to all counts of the Plaintiff's Complaint;

B. For the costs of this action;

C. For such other relief as to which they may be entitled.

Respectfully Submitted,

/s/ David A. Butler
Jeffrey L. Ingram, Esq. (ASB-8270-M74J)
David A. Butler, Esq. (ASB-0350-N92B)

OF COUNSEL:
GALESE & INGRAM, P.C.
800 Shades Creek Pkwy, Suite 300
Birmingham, Alabama 35209
Telephone: (205) 870-0663
Facsimile: (205) 870-0681
E-mail: jeff@galese-ingram.com
david@galese-ingram.com

## CERTIFICATE OF SERVICE

       I hereby certify that I have electronically filed the foregoing using the Court's CM/ECF system on this the 7th day of May, 2021, which will provide notice to all attorneys and/or parties of record as follows:

Sabrina L. McKinney
Chapter 13 Trustee
P.O. Box 173
Montgomery, AL 36101
trustees_office@ch13mdal.com

Paul D. Esco
Attorney at Law, LLC
2800 Zelda Road, Suite 200-7
Montgomery, AL 36106
paul.esco@aol.com

                                          /s/ David A. Butler